**RESOLUTION TRUST CORPORATION,** as receiver for Overland Park Federal Savings and Loan Association, Plaintiff,

v.

**OVERLAND PARK FINANCIAL CORPORATION, et al.,** Defendants.

Civ. A. No. 94–2077–GTV.

United States District Court, D. Kansas.

May 5, 1995.

Cynthia C. Dunham, Berry F. Laws, III, Martin, Leigh & Laws, Kansas City, MO, Erlene Krigel, Krigel & Krigel, P.C., Kansas City, MO, for Resolution Trust Corp., as receiver for Overland Park Federal Savings and Loan Ass'n.

Michael Thompson, Blackwell, Sanders, Matheny, Weary & Lombardi, Brian C. Fries, Kenner & James, P.C., Kansas City, MO, for Overland Park Financial Corp.

Jeffrey J. Simon, Michael Thompson, Blackwell, Sanders, Matheny, Weary & Lombardi, Brian C. Fries, Kenner and James, P.C., Kansas City, MO, for Anne P. Henry, Clarke L. Henry.

### *MEMORANDUM AND ORDER*

VAN BEBBER, Chief Judge.

This matter is before the court on the following:

Motion of Defendants Anne P. Henry and Clarke L. Henry for Summary Judgment (Doc. 27);

Motion of Plaintiff Resolution Trust Corporation to Withdraw the Reference (Doc. 37); and

Motion to Dismiss Plaintiff's Motion to Withdraw the Reference (Doc. 40).

Plaintiff seeks a judgment declaring that defendants Overland Park Financial Corporation, Anne P. Henry and Clarke L. Henry

have no interest in or right to possession of a tax refund check or its proceeds and that the defendants hold the proceeds in trust as the agents for Resolution Trust Corporation (RTC). Plaintiff also asserts that defendants have been unjustly enriched by their retention of the tax refund and seeks imposition of a constructive trust. Finally, plaintiff asserts a cause of action for conversion.

The case is stayed as to defendant Overland Park Financial Corporation because it has filed a Chapter 11 petition in bankruptcy. Plaintiff RTC filed its complaint in the bankruptcy adversary proceeding and asserts substantially similar claims against Overland Park Financial Corporation as it has asserted against the three defendants in this case.

Plaintiff RTC seeks withdrawal of the bankruptcy adversary proceeding and consolidation with this case. Overland Park Financial Corporation, the debtor, opposes the withdrawal. The Henrys seek summary judgment and their dismissal from the action. For the reasons set forth below, the Henry defendants' motion for summary judgment is granted in part and denied in part. Defendant Overland Park Financial Corporation's motion to dismiss plaintiff's motion to withdraw the reference is denied and plaintiff's motion to withdraw the reference is denied.

## I. FACTUAL BACKGROUND

The facts of this case are largely uncontroverted and have been established by the parties in accordance with D.Kan.Rule 206(c). Those facts that have been controverted have been viewed by the court in the light most favorable to the non-moving party.

Overland Park Financial Corporation ("the Parent Corporation") is a Kansas corporation which owns 100% of the stock of Overland Park Savings and Loan Association ("the Savings and Loan"). Defendant Anne Henry is a shareholder and is sole director and president of the Parent Corporation. The Savings and Loan was a federally chartered stock savings and loan association with its principal place of business in Overland Park, Kansas. On April 26, 1986, the Parent Corporation entered into a Tax Reimbursement Agreement with the Savings and Loan under which the parties agreed to file consolidated Federal income tax returns.

On November 13, 1992, the Director of the Office of Thrift Supervision (OTS) appointed RTC as receiver for the Savings and Loan. On that same date, the OTS chartered a new savings association under the name of Overland Park Federal Savings and Loan Association (Overland Park Federal) and appointed RTC as conservator for the new institution. Pursuant to a purchase and assumption agreement, certain assets and liabilities of the Savings and Loan were transferred to Overland Park Federal. Among those assets transferred was the right to receive tax refunds payable to the Savings and Loan. On August 13, 1993, OTS named RTC as receiver of Overland Park Federal.

On or about October 8, 1993, Anne Henry received in the mail at her residence an income tax refund check from the Internal Revenue Service (IRS) payable to the Parent Corporation in the amount of $141,673.96. The check was endorsed by the Parent Corporation and deposited in its bank account. The proceeds of the tax refund check were distributed to defendants Anne Henry and Clarke Henry. The Henrys claim to be creditors of the Parent Corporation and assert that the proceeds were used to pay the Parent Corporation's debts owing to them. Anne Henry informed RTC of the receipt of the tax refund check and its disposition.

On February 22, 1994, RTC filed this suit claiming ownership of the tax refund. Subsequently, defendants Anne Henry and Clarke Henry repaid the Parent Corporation the payments made to them from the income tax refund proceeds. Neither Anne Henry nor Clarke Henry now retains any portion of the income tax refund.

On July 1, 1994, the Parent Corporation filed a voluntary Chapter 11 petition in the Bankruptcy Court for the District of Kansas. A notice of bankruptcy and stay of action as to the Parent Corporation was filed in this action on July 5, 1994. RTC sought relief from the bankruptcy's automatic stay in order to continue litigation in this suit against the Parent Corporation. On November 7, 1994, the bankruptcy court denied the RTC's motion for relief from the stay.

On December 1, 1994, RTC filed its complaint in the bankruptcy adversary proceeding which asserts substantially similar claims against the Parent Corporation (the debtor) as asserted against the defendants in this case. On December 21, 1994, RTC filed its motion to withdraw the reference of the bankruptcy adversary proceeding from the bankruptcy court and to consolidate the matter with this case.

## II.  DISCUSSION

### A.  Motion for Summary Judgment

Plaintiff's complaint contains four counts. Count I seeks a declaratory judgment that RTC is entitled to all proceeds of the tax refund check. Count II seeks damages from defendants for conversion of the tax refund. Count III alleges that defendants have been unjustly enriched due to their retention of the tax refund. Count IV requests the court to impose a constructive trust on the proceeds of the tax refund check.

Defendants Anne Henry and Clarke Henry argue that Counts I, III and IV are now moot and that the court should grant summary judgment on the remaining count for conversion. Plaintiff argues that the court should not grant summary judgment as to the claims for declaratory judgment, conversion, and unjust enrichment. Plaintiff agrees, however, that the request in Count IV for the imposition of a constructive trust is now moot because the Henry defendants do not retain possession of the res (property) which would become the subject of the trust. The court orders dismissal of Count IV as to defendants Anne Henry and Clarke Henry.

In deciding a motion for summary judgment, the court must examine any evidence tending to show triable issues in the light most favorable to the nonmoving party. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir. 1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). A moving party is entitled to summary judgment only if the evidence indicates "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine factual issue is one that "can reasonably be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing" that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party, who "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

### 1.  Declaratory Judgment

Plaintiff seeks a judgment declaring that defendants have no interest in or right to possession of a tax refund check or its proceeds. The Henry defendants argue that no case or controversy remains following their return of the proceeds of the check to the Parent Corporation. They argue that they do not claim any ownership interests in the refund and the proceeds are not in their possession. The Henry defendants assert that the controversy over ownership of the refund only exists between the Parent Corporation and plaintiff RTC as receiver of Overland Park Federal.

The court agrees that the question of the Henry defendants' interest in or right to possess the tax refund is moot due to the return of the proceeds to the Parent Corporation. The court grants summary judgment on Count I of the complaint requesting declaratory judgment. Count I is dismissed as to the defendants Anne Henry and Clarke Henry.

## 2. Conversion

■ Plaintiff asserts a claim for conversion against defendants at Count II of the complaint. The Henry defendants assert that plaintiff does not have a cause of action for conversion because (1) the check named the Parent Corporation as payee, thus it was not wrongfully endorsed; (2) conversion is inappropriate for receipt of funds or for an ordinary debt; and (3) there can be no conversion when there is reasonable doubt as to ownership of the property. RTC argues that genuine issues of material fact remain as to whether defendants Anne Henry and Clarke Henry committed conversion.

■ "Conversion is defined as an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another." *Carmichael v. Halstead Nursing Center, Ltd.*, 237 Kan. 495, 500, 701 P.2d 934, 938 (1985). An action for conversion can be maintained for the conversion of commercial paper. *Id.* at 501, 701 P.2d 934. "An action will not lie for conversion of a mere debt or chose in action. Hence, where there is no obligation to return identical money, but only a relationship of debtor and creditor, an action for conversion of the funds representing the indebtedness will not lie against the debtor." *Id.* (quoting 18 Am.Jur.2d, Conversion § 10). Thus, the threshold question is whether the Parent Corporation has an ownership interest in the tax refund. If the answer is no, then a cause of action for conversion may still lie as to all three defendants. The court cannot resolve the threshold question without the Parent Corporation's presence in the action.

■ The court concludes that a genuine issue of material fact remains as to whether conversion occurred. The court denies the motion for summary judgment of defendants Anne Henry and Clarke Henry regarding plaintiff's claim for conversion. The court will, however, stay any further proceedings until all parties in interest are before this court or until the bankruptcy court resolves the issue of ownership of the tax refunds in the bankruptcy adversary proceeding.

## 3. Unjust Enrichment

■ Plaintiff seeks damages from defendants for unjust enrichment. The Henry defendants argue that plaintiff's claim is now moot because they returned the proceeds of the tax refund to the Parent Corporation.

"The basic elements on a claim based on a theory of unjust enrichment are threefold: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge of the benefit by the defendant; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *J.W. Thompson Co. v. Welles Products Corp.*, 243 Kan. 503, 512, 758 P.2d 738, 745 (1988) (citing 12 Williston on Contracts § 1479 (3d ed. 1970)).

Defendants Anne Henry and Clarke Henry do not currently retain any of the "benefit" of the tax refund. The court concludes that plaintiff's claim for unjust enrichment is rendered moot by the Henry defendants return of the proceeds to the Parent Corporation. The court grants the motion for summary judgment of defendant Anne Henry and Clarke Henry regarding plaintiff's claim for unjust enrichment.

## B. Withdrawal of the Reference

■ Plaintiff has filed a motion for withdrawal of the reference of the bankruptcy adversary proceeding, *RTC v. Overland Park Financial Corp.*, No. 94–6162 (Bankr. No. 94–21190–11) from the U.S. Bankruptcy Court for the District of Kansas. Plaintiff also seeks to consolidate the adversary proceeding with this action. Plaintiff filed an identical motion in the bankruptcy adversary proceeding.

■ Defendant Overland Park Financial Corporation (the debtor) challenges the filing of this motion in the district court case. Defendant asserts that pursuant to 28 U.S.C. § 157(d), Fed.R.Bankr.Proc. 5011, and D.Kan.Rule 706, the motion should be filed only in the bankruptcy court proceeding, and not in the district court action. Rule 706 provides, in part:

A particular proceeding commenced in or removed to the Bankruptcy Court shall be transferred to the District Court for hearing and trial by a district judge only in accordance with the procedure below.

(a) A party seeking such transfer shall file a motion therefor in the Bankruptcy Court....

....

(f) The motion for transfer, together with a written recommendation of a bankruptcy judge, shall be transmitted by the clerk of the Bankruptcy Court to the clerk of the District Court. The latter shall assign the motion to a district judge who shall rule ex parte or upon such notice as the district judge shall direct. The ruling shall be filed in the Bankruptcy Court as an order of the district judge.

D.Kan.R. 706. The court agrees with defendant Overland Park Financial Corporation that the motion for withdrawal should not be filed directly in the district court. However, in the interest of judicial economy, the court will consider the merits of the motion to withdraw the adversary proceeding and to consolidate it with this action. *See Franklin Sav. Ass'n v. Office of Thrift Supervision,* 150 B.R. 976, 977 n. 1 (D.Kan.1993).

■ Plaintiff asserts that withdrawal of the reference is mandatory pursuant to 28 U.S.C. § 157(d). Section 157(d) mandates withdrawal when the proceeding "requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

The issue before the bankruptcy court in the adversary proceeding involves the ownership of the tax refund which the Parent Corporation received as the result of the filing of a consolidated tax return. The court does not believe this is a case requiring mandatory withdrawal. "[The bankruptcy] court is indeed an appropriate forum in which to determine the competing rights of parties in a tax refund resulting from a consolidated return, where one of the parties is a debtor in bankruptcy." *Whyte v. GMF Investments, Inc. (In re Fairchild Aircraft Corp.),* 126 B.R. 717 (Bankr.W.D.Tex.1991). In fact, the bankruptcy court for this district has decided a very similar issue in another case. *See In re Franklin Sav. Corp.,* 159 B.R. 9 (Bankr.D.Kan.1993). In addition, the court in *Franklin Savings* refused to recommend withdrawal to the district court. *Id.* at 28 ("The RTC/FSA sought, by various mo-

tions in the Bankruptcy Court, to have the Tax Refund Litigation determined in the United States District Court rather than in the Bankruptcy Court. The Bankruptcy Court denied those motions."). The court denies plaintiff's motion to withdraw the reference.

IT IS, THEREFORE, BY THE COURT ORDERED that the motion of defendants Anne P. Henry and Clarke L. Henry for summary judgment (Doc. 27) is granted in part and denied in part, as stated in this memorandum and order.

IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiff's motion to withdraw the reference (Doc. 40) is denied.

IT IS FURTHER ORDERED that the motion of plaintiff to withdraw the reference (Doc. 37) is denied.

Any further proceedings in this case are stayed until all the parties in interest are before this court or until the bankruptcy court resolves the issue of the ownership of the tax refund in the bankruptcy adversary proceeding. The case is ordered removed from the court's trial calendar.

**IT IS SO ORDERED.**